IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OLDENDORFF CARRIERS GMBH & CO. KG,** | § § § | |
| Plaintiff, | § § | C.A. NO. 4:24-cv-4420 |
| v. | § § | IN ADMIRALTY, Rule 9(h) |
| **GLOBAL SMART COMTRADE PTE LTD. and SHREE CEMENT LTD.,** | § § § § | |
| Defendants. | § § | |

## VERIFIED COMPLAINT

Plaintiff, Oldendorff Carriers GmbH & Co. KG ("Oldendorff"), by and through its attorneys, ROYSTON RAYZOR, VICKERY & WILLIAMS, L.L.P., expressly subject to all rights to arbitration, brings this action pursuant to Federal Rule of Civil Procedure 9(h) and Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendants, Global Smart Comtrade Pte Ltd. ("Global Smart") and Shree Cement Ltd. ("Shree"), and as and for its Verified Original Complaint against Defendants, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. It also arises under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Federal jurisdiction also exists because this action arises under the Federal Arbitration Act, 9 U.S.C. § 8.

2. Venue is proper in this District because, upon information and belief, property belonging to Defendant Global Smart or Defendant Shree is, or during the course of these

proceedings, will be within the District and garnishee is in possession of said property within the meaning of Rule B are located and can be served within this District.

## THE PARTIES

3. Oldendorff was at all relevant times and still is a German company with its principal place of business located in Lubeck, and was the disponent owner of the vessel M/V LAS PALMAS (the "Vessel").

4. Defendant Global Smart was at all relevant times and still is a foreign entity organized and existing under the laws of Singapore and was the Charterer of the Vessel.

5. Defendant Shree was at all relevant times and still is foreign entity organized and existing under the laws of India and was the holder of the bill of lading and receiver of the cargo described below, as well as the Guarantor of the charter party applicable to the voyage in question with respect to the Vessel mentioned in paragraph 3 above.

6. Neither Global Smart nor Shree can be found in this District within the meaning of Rule B. *See* Affidavit of Dimitri P. Georgantas ("Georgantas Affidavit") attached hereto as **Exhibit 1** and incorporated herein by reference.

## FACTUAL BACKGROUND

7. On October 10, 2023, Oldendorff, as Owner, and Global Smart, as Charterer, entered into a clean fixture recap and voyage charter party in which Global Smart agreed to charter from Oldendorff a vessel to be nominated by Oldendorff for the carriage of a cargo of petcoke from Louisiana to India via the Suez Canal. Oldendorff subsequently nominated the Vessel to perform the voyage.

8. The fixture recap attached and incorporated by reference the terms and conditions of a May 12, 2023, voyage charter party entered into by Oldendorff and Global Smart on the Americanized Welsh Coal Charter form and a series of rider clauses (the fixture recap, pro forma

charter, and rider clauses are referred to collectively as the "C/P"). A copy of the C/P is annexed hereto as **Exhibit 2** and incorporated herein by reference.

9. In connection with the carriage of the cargo, a bill of lading (the "B/L") was issued that incorporated all the terms and conditions of the C/P, referencing the C/P specifically by date. The B/L stated on its face that freight was payable as per the C/P.

10. Prior to issuance of the B/L, Shree vetted and approved a draft of the B/L, incorporating the C/P, and at all times material hereto was the holder of the B/L and the receiver of the cargo. The B/L was surrendered by Shree at the discharge port in exchange for the cargo. A copy of the B/L is annexed hereto as **Exhibit 3** and incorporated herein by reference.

11. Under the B/L and C/P, Shree guaranteed Global Smart's performance as well as its payment obligations.

12. The C/P incorporates the BIMCO VOYWAR 2013 clause, which authorizes the Vessel to depart from its normal and customary route (*i.e.*, via the Suez Canal) where, in the reasonable judgment of the Vessel's Master and/or "Owner" (defined to include "disponent owners"), the Vessel may be exposed to "war risks" (defined as, *inter alia*, "any actual, threatened, or reported … act of war," "warlike operations," "acts of terrorists," "acts of hostility or malicious damage," perpetrated by, *inter alia*, "any person, body, terrorist, or political group, or the government of any state or territory whether recognised or not"), in which case Owner is entitled "to additional freight which shall be the same percentage of the freight contracted for as the percentage which the extra distance represents to the distance of the normal and customary route." *See* BIMCO War Risk Clauses (a)(i)-(ii) and (d), available at https://www.bimco.org/contracts-and-clauses/bimco-clauses/current/war_risks_clause_for_voyage_chartering_2013.

13. The C/P between Plaintiff Oldendorff and Defendant Global Smart, incorporated into the B/L, contains an arbitration provision which provides for New York Arbitration of all disputes and the application of United States law. **Exhibit 2** at paragraph 5.

14. While in transit on the normal and customary route via the Suez Canal, hostilities and attacks being made on merchant ships in the Red Sea by Houthi rebels, designated by the U.S. Department of State as a Specially Designated Global Terrorist Group, intensified and as the risk escalated – involving the intervention of the navies of multiple jurisdictions and physical attacks specifically targeting merchant vessels with a U.S. origin or cargo – Oldendorff determined that the Vessel would be exposed to War Risks if it continued the voyage via the Suez Canal, and accordingly re-routed the Vessel.

15. Defendants received notice of that determination and Oldendorff requested payment of the additional freight which was due in accordance with the B/L and C/P (the "Contract").

16. Defendants declined to pay.

17. Oldendorff has commenced arbitrations against the Defendants seeking recovery of the additional freight due and owing, and those arbitration are currently pending.

### CAUSE OF ACTION FOR BREACH OF CONTRACT

18. Oldendorff repeats and realleges the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein.

19. By reason of the foregoing, Defendants have breached the Contract and currently owe Oldendorff the principal sum of $2,303,315.08 consisting of additional freight and canal dues, none of which has been paid, despite due demand

20. In addition to the principal sums due, Oldendorff seeks security in an amount which will cover the award of interest, attorneys' fees and costs, which are recoverable under the Contract.

21. Oldendorff calculates the interest component of its attachment application as approximately $173,000.00 based on an interest rate of 5%, the average U.S. treasury bill rate during the time in question over the period the claimed sums have been outstanding and as projected out for a further period of time within which entry of judgment on an arbitral award is anticipated (*i.e.*, a total of 1.5 years).

22. Further, Oldendorff seeks security in an amount which will cover the anticipated legal fees incurred in connection with the presentation of this claim, estimated to be $115,000 in attorneys' fees and costs, with recoverable arbitral costs estimated at $75,000.

23. In total, therefore, Plaintiff Oldendorff estimates, as nearly as can be presently computed, that the total judgment will be $2,666,315.08, inclusive of the principal amount of the claim, interest, costs and attorneys'/arbitral fees.

## **REQUEST FOR ORDER OF MARITIME ATTACHMENT**

24. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for purposes of Rule B (*see* Affidavit of Dimitri P. Georgantas) but Defendants have, or will during the pendency of this Action have, assets or other tangible property within this District comprising, *inter alia*, goods, chattels, credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to them, is claimed by them, is being held for them or on their behalf, or which is being transferred for its benefit, within this jurisdiction, including but not limited to a cargo of petcoke (the "Cargo") loading or to be loaded from the Houston Bulk Terminal/Kinder Morgan facility onboard the vessel SHENG JI HAI.

25. While all disputes arising out of the Contract will be heard in arbitration pursuant to the relevant arbitration clause, this action has been filed in accordance with Rule B to obtain jurisdiction over the Defendants and for a maritime attachment to obtain security from the Defendants for Oldendorff's maritime breach of contract claim against Defendants.

26. The total amount of Defendants' property to be attached is $2,666,315.08.

## INDEMNITY IN FAVOR OF U.S. MARSHAL

27. Oldendorff agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies arising from any and all liability as a result of attaching the Cargo.

## CONDITIONS PRECEDENT

28. All conditions precedent have been satisfied and/or discharged.

29. All and singular, the premises of this Verified Original Complaint are true and correct within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Oldendorff prays:

i) That process in due form of law according the practice of this Court in the form of a writ of maritime attachment be issued against Defendants, in the amount of $2,666,315.08, and if Defendants cannot be found in this District pursuant to Rule B, that their goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to them, is claimed by them, is being held for them or on their behalf, or which is being transferred for their benefit, within this District may be attached in an amount sufficient to answer Oldendorff's claims;

ii) That Defendants or any other person claiming an interest therein may be cited to appear and answer for the matters aforesaid;

iii) Directing the US Marshals Service to seize Defendants' property as described above sufficient to secure Oldendorff's claim as aforesaid;

iv) That this Court retain jurisdiction over this matter through the entry of any final judgment following issuance of an award in arbitration; and

v)   That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Texas State Bar No. 07805100
Federal I.D. No. 2805
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1415 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9545
dimitri.georgantas@roystonlaw.com
kevin.walters@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF OLDENDORFF CARRIERS GMBH & CO. KG**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLDENDORFF CARRIERS GMBH & CO. KG, | § § § § | |
| Plaintiff, | § § | C.A. NO. 4:24-cv-__4420__ |
| v. | § § | IN ADMIRALTY, Rule 9(h) |
| GLOBAL SMART COMTRADE PTE LTD. and SHREE CEMENT LTD., | § § § § | |
| Defendants. | § | |

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Dimitri P. Georgantas, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff Oldendorff Carriers GmbH & Co. KG in connection with the referenced matter. I have read the foregoing Verified Original Complaint, and exhibits thereto, and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based upon documentation and information I received which was provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have officers or directors within this District."

_/s/ Dimitri P. Georgantas_
Dimitri P. Georgantas

SUBSCRIBED AND SWORN to before me on the _11th_ day of _November_, 2024.

_/s/ Sylvia L. Cooper_
Notary Public in and for the
State of Texas

SYLVIA L. COOPER
My Notary ID # 2652944
Expires January 4, 2028

67456:48293533